[776 NYS2d 813]

In the Matter of BETH B. REISMAN-SHOLOM, Also Known as BETH BELLE SHOLOM (Admitted as BETH BELLE REISMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 17, 2004

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The New Jersey Office of Attorney Ethics commenced an investigation against the respondent upon learning that she permitted a disbarred attorney to perform a closing nearly three months after his disbarment in December 1999. An audit of the respondent's trust accounts revealed that she loaned client trust funds to her husband's business.

On April 25, 2003, the respondent executed a "disbarment by consent" form in which she acknowledged the pendency of an investigation into allegations that she knowingly misappropriated client trust funds. She acknowledged that the allegations were true and that she could not successfully defend herself against them at a hearing. The respondent averred that her consent was freely and voluntarily given and that she was not under any disability. The respondent consented to the New Jersey disbarment with full knowledge that it constituted an absolute barrier to her ever seeking reinstatement to the New Jersey bar and with the understanding that it could not be entered into evidence as an admission in any legal proceeding, other than in a disciplinary or Lawyers' Fund for Client Protection proceeding in New Jersey or any other jurisdiction.

The respondent's counsel, Michael Gross, certified that, to his knowledge, the respondent's consent was knowingly and voluntarily given and that she was not under any disability affecting her capacity to knowingly and voluntarily consent to her disbarment.

On June 5, 2003, the petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 apprising her of her right, within 20 days after service of the notice upon her, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c).

The respondent has failed to raise any enumerated defense to the imposition of discipline in New York. Nor has she made a written demand for a hearing pursuant to 22 NYCRR 691.3 (d). Accordingly, the petitioner's motion to impose reciprocal discipline is granted.

Under the circumstances, the respondent is disbarred in New York based upon the disciplinary action taken by the Supreme Court of New Jersey.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and ADAMS, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Beth B. Reisman-Sholom, also known as Beth Belle Sholom, admitted as Beth Belle Reisman, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Beth B. Reisman-Sholom, also known as Beth Belle Sholom, admitted as Beth Belle Reisman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Beth B. Reisman-Sholom, also known as Beth Belle Sholom, admitted as Beth Belle Reisman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).